**Walter H. ESKE, Plaintiff,**

v.

**Joseph C. HYNES, et al., Defendants.**

No. 84–C–959.

United States District Court, E.D. Wisconsin.

Jan. 15, 1985.

Walter H. Eske, pro se.

Beth A. Sabbath, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

After the plaintiff failed to pay taxes for 1979 and 1980, the Internal Revenue Service (IRS) levied the amount due, $12,888.85, upon an account held for the plaintiff by a third party, pursuant to 26 U.S.C. § 6331. The pro se complaint seeks recovery of the amount levied, plus damages. The defendants now move to dismiss. The motion will be granted.

The defendants are IRS officials. Defendant Phillips sent the plaintiff a notice of deficiency dated December 1, 1982, relative to tax years 1979 and 1980. The notice advised the plaintiff of his right to petition for a redetermination of the amount assessed by the IRS. When no petition was filed, the assessment was confirmed, and the case was assigned to defendant Bolgrin for collection. On April 18, 1983, Mr. Bolgrin mailed the plaintiff notices of assessment for 1979 and 1980, requesting payment within 10 days. No payment was received, and the defendant Hynes then issued a levy on the Stanga Cheese Company, a buyer of the plaintiff's dairy products.

■ The plaintiff's claim for return of the money levied is barred by 26 U.S.C. § 7422, which forbids a suit for the recovery of taxes allegedly improperly collected unless the plaintiff has filed a refund claim with the Secretary of the Treasury. The plaintiff has not alleged that such a claim has been filed.

■ As executive officers acting within the scope of their official duties, all three defendants are immune "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights...." *Davis v. Scherer,* — U.S. —, —, 104 S.Ct. 3012, 3014, 82 L.Ed.2d 139 (1984), *quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). This qualified immunity applies here since there was no violation of the plaintiff's rights. Indeed, the complaint fails to state a claim for which relief can be granted.

■ Although the plaintiff contends that the defendant's actions violated numerous statutory and constitutional provisions, it is clear that the procedures followed were entirely proper. A notice of deficiency was sent pursuant to 26 U.S.C. § 6212. The notice of assessment and demand for payment was sent pursuant to 26 U.S.C. § 6303, and the levy on the plaintiff's property was authorized by 26 U.S.C. § 6331. The constitutionality of the levy procedure is well established. *Ginter v. Southern,* 611 F.2d 1226 (8th Cir.), cert. denied 446 U.S. 967, 100 S.Ct. 2946, 64 L.Ed.2d 827 (1979); *United States v. Heck,* 499 F.2d 778 (9th Cir.), cert. denied 419 U.S. 1088, 95 S.Ct. 677, 42 L.Ed.2d 680 (1974); *Shapiro v. Secretary of State,* 499 F.2d 527 (D.C. Cir.1974), aff'd 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976).

The defendants request an award of reasonable expenses, including attorney's fees under Rule 11, Federal Rules of Civil Procedure:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a

pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

■ Sanctions are appropriate here. The complaint is frivolous to a degree which the plaintiff's lack of legal training cannot explain. Its premise is found in paragraph 24:

> Plaintiff has in the past, does in the present, and forever will continue to disclaim jurisdiction of the IRS, or any other Public ministry to levy taxes, require returns,.or in any form that stems from usurpations, tyranny, and/or other such seditious crimes repugnant to the *Republican form of government.* [sic] (emphasis in the original)

The plaintiff's position is unambiguously contradicted by the United States Constitution, a document frequently invoked in the complaint. Article 1, § 8 gives Congress the authority "to lay taxes, duties, imposts and excises." This authority "is exhaustive and embraces every conceivable power of taxation.... And it has never been questioned from the foundation, ... that there was authority given, as the part was included in the whole, to lay and collect income taxes." *Brushaber v. Union Pacific,* 240 U.S. 1, 12–13, 36 S.Ct. 236, 239–240, 60 L.Ed. 493 (1916). The 16th amendment removed the requirement that "direct" taxes be apportioned by state and explicitly empowered Congress "to lay and collect taxes on incomes, from whatever source derived ...".

The allegations of the complaint are intemperate. The defendants are charged with a conspiracy to commit fraud, extortion, conversion, and grand larceny "against Plaintiff and Plaintiff's Republican form of government." (¶ 21). The plaintiff threatens that "[s]aid common scheme is seditious in nature as it violates Title 42 U.S.C. Seditious activity borders on the penalties of treason against Plaintiff's government (Republican form) of which carries the death penalty ..." [sic].

It would appear that one purpose of the plaintiff's action is to harass and intimidate government officials in the performance of their duties. This was demonstrated earlier in this litigation when the plaintiff attempted to add as defendants the government attorneys who appeared to defend the action. An assessment of expenses and fees is appropriate under both Rule 11, Federal Rules of Civil Procedure, and the holding of *Alyeska Pipeline Company v. Wilderness Society,* 421 U.S. 240, 258–9, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975).

Therefore, IT IS ORDERED that the defendants' motion to dismiss be and hereby is granted.

IT IS ALSO ORDERED that the defendants are entitled to judgment for their costs in this action and reasonable attorney's fee, which the court sets at $500.

IT IS FURTHER ORDERED that the plaintiff's action be and hereby is dismissed.